UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227), ET AL.          CIVIL ACTION

VERSUS

MICHAEL VAUGHN, ET AL.          NO. 16-400-JWD-RLB

## ORDER

Before the Court is defendant Bruce Dodd's Motion to Set Aside Default (R. Doc. 40). No opposition has been filed to the motion.[1]

Defendant Dodd was served on May 15, 2017, and on July 17, 2017 an entry of default was entered against defendant Dodd pursuant to plaintiff Brandon Lavergne's Motion. *See* R. Docs. 26, 36, and 37. On July 20, 2017, defendant Dodd filed the instant motion, wherein he asserts that that the entry of default should be set aside because service of process was insufficient, there would be no prejudice to the plaintiff, and he has a meritorious defense to the plaintiff's claims.

"The court may set aside an entry of default for good cause." Federal Rule of Civil Procedure 55(c). "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining whether to set aside a default decree, the district court should consider whether the default was willful, whether settling it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* These factors are not exclusive, and another factor

---

[1] Plaintiff Lavergne did file a Motion for Judgment by Default on August 3, 2017. (R. Doc. 46).

includes if defendant acted expeditiously to correct the default. *Id.* "When ... a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese-Manufactured Drywall Products*, 742 F.3d 576, 594 (5th Cir. 2014).

Here, the above factors weigh in favor of setting aside the entry of default. First, defendant Dodd's default does not appear willful. Rather, defendant Dodd believed that service upon him was insufficient. Second, the Court does not believe that the plaintiff would be prejudiced by having to prove the merits of his claims, particularly considering the fact that this case has no trial date set. Third, it appears that defendant Dodd may have a meritorious defense to the federal claims pending against him. And fourth, defendant Dodd acted expeditiously in correcting the problem. The entry of default occurred on July 19, 2017, and defendant Dodd answered this suit on the same day. *See* R. Docs. 37 and 38.

In sum, defendant Dodd has demonstrated that setting aside the entry of default is appropriate. Accordingly,

**IT IS ORDERED** that defendant Dodd's Motion (R. Doc. 40) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on September 27, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**