UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (#424227), ET AL.          CIVIL ACTION

VERSUS

MICHAEL VAUGHN, ET AL.          NO. 16-400-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 27, 2017.

                                                                                                 _____
                                                                                                 **RICHARD L. BOURGEOIS, JR.**
                                                                                                 **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LAVERGNE (#424227), ET AL.**             **CIVIL ACTION**

**VERSUS**

**MICHAEL VAUGHN, ET AL.**             **NO. 16-400-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss filed on behalf of defendant William Richardson (R. Doc. 39). This Motion is not opposed.

*Pro se* plaintiff, Brandon Lavergne, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against William Richardson, and numerous other defendants.[1] A summary of the plaintiff's allegations is as follows:

In October of 2015, the plaintiff was notified by the visitation officer that his daughter, Bethany, was going to be removed from his visitor list unless he sent her a visitation form after she turned 15. Since, due to a no contact order, the plaintiff could not send anything to the mother of his daughter (his former wife Lainey Martinez), he filed a grievance (LSP-2015-3283) which was denied by defendant Leslie Dupont.

In December of 2015, the plaintiff learned that his daughter had not been living with his former wife since 2014. Instead, she had been residing in a group home in Mississippi. On February 3, 2016, the plaintiff wrote a letter to the staff of the group home asking for permission to contact his daughter. The plaintiff's ex-wife contacted the prison regarding the letter on or about February 8, 2016. On or about February 12, 2016, in alleged retaliation for the plaintiff's

---

[1] All other defendants have been dismissed with the exception of Michael Vaughn and Bruce Dodd.

filing of a prior suit, defendant Michael Vaughn placed the plaintiff on a "total mail block," which prohibited the plaintiff from sending or receiving any mail, including religious or legal mail. The block also prohibited the plaintiff from receiving J-PAY e-mails.

On February 16, 2016, defendant Vaughn issued a disciplinary report wherein he claimed that the plaintiff had been verbally advised in 2012 that he was not to have any contact with the Martinez family. The plaintiff asserts that he was not informed to not have any contact with the Martinez family, rather the plaintiff was told not to contact Lainey Martinez.

On February 17, 2016, the plaintiff wrote a second letter to the staff of the group home requesting written permission to contact his daughter. On the same date, defendant Vaughn issued a second disciplinary report.

The plaintiff was brought before a disciplinary board on February 19, 2016. The plaintiff requested that a copy of his February 3, 2016 letter to the group home be produced, and the board agreed. The report was sent back to defendant Vaughn in order for a copy of the letter to be produced.

On February 20, 2016, the plaintiff was brought before a disciplinary board regarding the disciplinary report issued on February 17, 2016. The plaintiff informed the board that he had not received a copy of the report, and the board deferred the hearing. On February 22, 2016, the plaintiff was brought before a new disciplinary board consisting of defendants Richardson and Shipley. Defendants Richardson and Shipley found no reason for the February 3, 2016 letter to be produced, and refused to allow the plaintiff to question defendant Vaughn. The plaintiff was found guilty and sentenced to 12 weeks loss of store and transfer to the Camp J management program.

On February 23, 2016, the plaintiff was brought before a disciplinary board for the February 17, 2016 disciplinary report. The board consisted of defendants Richardson and Heard.

The plaintiff's requests for a copy of the letter, a copy of the disciplinary report, a copy of a no contact request from the group home, and to question defendant Vaughn were refused. The plaintiff was found guilty and was again sentenced to the Camp J management program.

The plaintiff appealed the disciplinary convictions, and his appeals were rejected by defendants Darrell Vannoy and Dupont based upon false information. The plaintiff then filed a grievance on February 25, 2016 concerning the mail block. On April 25, 2016, defendant Jones issued a First Step response denying the plaintiff's request for relief. Defendant Smith issued a Second Step response also denying the plaintiff's request for relief.

As a result of the mail block, the prison has rejected three certified packages from the plaintiff's family that consisted of legal documents needed for this suit, and patent information. On February 25, 2016, a certified package of family photos was signed for by defendant Delvin Turner but was never delivered to the plaintiff or returned to his family. The plaintiff has also had 30 letters that he has attempted to send out disappear, and 40 letters returned to him unsent.

The plaintiff wrote to defendant Cindy Vannoy to inquire as to his missing mail, including the package sent to him via certified mail that was signed for by defendant Turner. Defendant Cindy Vannoy responded by providing a list of certified mail packages sent to the plaintiff in 2016, but the list did not include the missing package in an effort to cover up the theft of the package.

Defendant Richardson relies upon Rule 12(b)(6) of the Federal Rules of Civil Procedure and asserts that the plaintiff has failed to state a claim upon which relief may be granted against him. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

*Corp. v. Twombly, supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly, supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (internal quotation marks omitted).

In the instant motion, defendant Richardson first seeks dismissal of the plaintiff's claim asserted against him in his official capacity for monetary damages.[2] In this regard, defendant

---

[2] Whereas the plaintiff's Amended Complaint is unclear as to whether he is suing the defendant in his individual or his official capacity, the Court liberally interprets the plaintiff's Complaint as naming the defendant in both capacities.

Richardson is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claims asserted against the defendant in his official capacity for monetary damages are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendant in his individual capacity remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id.* at 29. In addition, a claim for injunctive relief asserted against state officials in their official capacities is not barred by the Eleventh Amendment because such a claim is also not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10.

  Turning to the plaintiff's claims that are not barred by the Eleventh Amendment, the Court further finds that the plaintiff is not entitled to recover compensatory damages from the defendant in this case. Specifically, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff does not suggest in his Complaint that he has suffered any physical injury as a result of the events alleged. Accordingly, he is precluded from

---

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (instructing that the pleadings of *pro se* plaintiffs should be interpreted liberally).

the recovery of compensatory damages and will be limited to a recovery of nominal or punitive damages if successful. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). In order to recover punitive damages, however, he would be required to make a showing that the defendant violated his constitutional rights with "evil intent" or "callous indifference." *See Allen v. Stalder*, 201 F. App'x. 276 (5th Cir. 2006), *citing Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

The plaintiff's allegations against defendant Richardson regarding the outcome of his disciplinary proceedings fail to state a meritorious claim inasmuch as an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, as noted above, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

The mere fact that an inmate may have been wrongly found guilty and punished in connection with a prison disciplinary charge does not, without more, rise to the level of a constitutional violation. *See Grant v. Thomas,* 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984). Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not

invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff was sentenced to a quarters change to the Camp J Management program. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest that would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Dickerson v. Cain,* 241 F. App' x. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life"). As such, the plaintiff's claims against defendant Richardson are clearly without merit.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that defendant Richardson's Motion to Dismiss (R. Doc. 39), be granted, dismissing all of plaintiff Brandon Lavergne's claims asserted against defendant Richardson. It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on September 27, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**